IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARL MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | )  Civil Action No. 06-597 |
| | ) |
| CITY OF GREENSBURG, CITY OF GREENSBURG | ) |
| POLICE DEPARTMENT, FRANCIS ZULITSKY, | ) |
| individually and in his capacity as a | ) |
| patrolman for the CITY OF GREENSBURG, | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

# OPINION and ORDER OF COURT

### SYNOPSIS

Defendants filed a Motion to Dismiss Counts II and III of Plaintiff's Complaint. (Docket No. 3). Plaintiff filed a Brief in Opposition. (Docket No. 8). After careful consideration of the submissions of the parties, said Motion (Docket No. 3) is granted in part and denied in part as more fully set forth below.

### I. BACKGROUND

Plaintiff, Carl Miller, filed a three count Complaint in the Court of Common Pleas of Westmoreland County, Pennsylvania against Defendants, City of Greensburg, City of Greensburg Police Department, Francis Zulisky, individually and in his capacity as a patrolman for the City of Greensburg. (Docket No. 1, Ex. D). Defendants

removed the case to this Court on May 2, 2006. (Docket No. 1). In Count I of the Complaint, Plaintiff alleges a violation of his Fourth Amendment right to be free from unreasonable seizures brought against all Defendants. (Docket No. 1, Ex. D, ¶¶12-16). Count II is a claim for malicious prosecution brought against all Defendants. (Docket No. 1, Ex. D, ¶¶ 17-19). Count III is a claim for abuse of process brought against all Defendants. (Docket No. 1, Ex. D, ¶¶ 20-22). Defendants assert that Counts II and III should be dismissed based on immunity and failure to state a claim. (Docket No. 8). The issues are now ripe for review.

## II. **LEGAL ANALYSIS**

### A. **STANDARD OF REVIEW**

In deciding a motion to dismiss, the Court must accept all the factual allegations as true, and must view the complaint in a light most favorable to the plaintiff. *Colburn v. Upper Darby Twp.*, 838 F.2d 663, 664-65 (3d Cir.1988), *cert. denied*, 489 U.S. 1065 (1989). I may dismiss a complaint only if it appears beyond a reasonable doubt that the plaintiff fails to offer any factual basis to support its allegations. *Craftsmen Local 6 of N.J. Welfare Fund v. Wettlin Assoc., Inc.*, 237 F.3d 270, 272 (3d Cir. 2001). In ruling on a motion for failure to state a claim, I must look to whether the pleaded facts are sufficient to determine that the complaint is not frivolous and provides defendants with adequate notice to frame an answer. *Colburn*, 838 F.2d at 666.

While the Court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences

or sweeping legal conclusions cast in the form of factual allegations. *See Miree v. Dekalb County, Ga.*, 433 U.S. 25, 27 n.2 (1997). In addition, the information plaintiff supplies must be sufficient to outline the elements of the claim, or to permit the inference that these elements exist. *See* Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 45 (1957). With this standard in mind, I now turn to the issues in this case.

**B. IMMUNITY**

**1. City of Greensburg, City of Greensburg Police Department**

Defendants, City of Greensburg and City of Greensburg Police Department (hereinafter "City Defendants"), assert that Counts II and III of the Complaint should be dismissed against them based on immunity set forth in the Pennsylvania Political Subdivision Tort Claims Act ("PSTCA"), 42 Pa. C.S. §8541, *et seq.* (Docket No. 4). The PSTCA provides, in pertinent part:

> Except as otherwise provided in this subchapter, no local agency[1] shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person.

42 Pa. C.S. §8541. Plaintiff does not address the immunity challenge raised by City Defendants in his brief in opposition. (Docket No. 8).

The PSTCA applies except in eight situations. *See,* 42 Pa. C.S. §8542(b) (specifying that liability may be imposed upon the local agency for damages resulting from the following acts: the operation of a motor vehicle; the care or

---

[1] The term "local agency" is defined as "a government unit other than the Commonwealth government." 42 Pa. Cons.Stat. § 8501. The City of Greensburg and the City of Greensburg Police Department are local agencies under the Tort Claims Act. *Pahle v. Colebrookdale Twp.*, 227 F.Supp.2d 361, 367 (E.D. Pa. 2002) (stating that "[b]oth the police department and the Township are political subdivisions and local agencies"); *DeBellis v. Kulp*, 166 F.Supp.2d 255, 278 (E.D. Pa. 2001).

custody of personal or real property of others in the possession of the agency; dangerous conditions resulting from trees, traffic controls or street lighting; dangerous conditions resulting from utility service facilities; dangerous condition of streets and sidewalks; and the care or custody of animals in the possession of the agency). After a review of the record, I find that none of the exceptions apply in this case. Thus, I agree with City Defendants that they are entitled to immunity under the PSTCA. Consequently, City Defendants' Motion to Dismiss them from Counts II and III shall be granted.[2]

### 2. **Francis Zulisky, sued in his individual capacity**

Defendant Zulisky, sued in his individual capacity, asserts that he is also entitled to immunity pursuant to the PSTCA. (Docket No. 4, p3). The PSTCA provides in pertinent part:

> An employee of a local agency is liable for civil damages on account of any injury to a person or property caused by acts of the employee which are within the scope of his office or duties only to the same extent as his employing local agency and subject to the limitations imposed by this subchapter.

42 Pa. C.S. § 8545. Official immunity, however, does not extend to behavior which constitutes "a crime, actual fraud, actual malice or willful misconduct." 42 Pa. C.S. § 8550. Plaintiff asserts that the allegations in the complaint rise to the level of the "willful misconduct" exception such that a dismissal is not warranted. (Docket No. 8, pp. 1-2). I cannot say, at least in the motion to dismiss stage, that it appears that

---

[2] Because a judgment against a defendant in his official capacity would impose liability on the police department and/or city, claims against Francis Zulisky, sued in his official capacity, must be dismissed for the reason set forth above.

Plaintiff has failed to offer any factual basis to support its allegations against Defendant Zulisky sued in his individual capacity.  *See,* Complaint. Therefore, Defendants' Motion to Dismiss as to Defendant Zulisky sued in his individual capacity based on immunity shall be denied.

**C.  <u>Failure to State A Claim</u>**

Defendant Zulisky next asserts, in one conclusory sentence, that Plaintiff's Complaint fails to state a cause of action for malicious prosecution or abuse of process. (Docket No. 4, p. 4).  To sustain a cause of action for malicious prosecution relating to a criminal prosecution, a "plaintiff must prove that the defendant (1) instituted proceedings against the plaintiff, (2) without probable cause, (3) with malice, and (4) that the proceedings were terminated in favor of the plaintiff." *Corrigan v. Central Tax Bureau of Pa., Inc.*, 828 A.2d 502, 505 (Pa. Cmwlth. 2003), *citing Turano v. Hunt,* 158 Pa. Cmwlth. 348, 631 A.2d 822, 824 (1993).  "To establish a claim for abuse of process it must be shown that the defendant (1) used a legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not designed; and (3) harm has been caused to the plaintiff. Abuse of process is, in essence, the use of legal process as a tactical weapon to coerce a desired result that is not the legitimate object of the process. Thus, the gravamen of this tort is the perversion of legal process to benefit someone in achieving a purpose which is not an authorized goal of the procedure in question." *Harris v. Brill,* 844 A.2d 567, 572 (Pa. Super. 2004), *citing Werner v. Plater-Zyberk*, 799 A.2d 776, 785 (Pa.Super.2002).  A review of the Complaint reveals that Plaintiff has alleged that Defendant Zulisky

instituted a legal proceeding against Plaintiff without probable cause for an improper purpose that ended in his favor and that he suffered harm as a result. (Docket No. 1, Ex. D, ¶¶8-13).  As a result, a dismissal of Defendant Zulisky, sued in his individual capacity, from Counts II and III is not warranted.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARL MILLER, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| -vs- | ) |
| | ) Civil Action No. 06-597 |
| | ) |
| | ) |
| CITY OF GREENSBURG, CITY OF GREENSBURG | ) |
| POLICE DEPARTMENT, FRANCIS ZULITSKY, | ) |
| individually and in his capacity as a | ) |
| patrolman for the CITY OF GREENSBURG, | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

## ORDER OF COURT

AND NOW, this **18th** day of July, 2006, after careful consideration of the submissions of the parties and for the reasons set forth in the accompanying Opinion, it is ordered that Defendants' Motion to Dismiss (Docket No. 3) is granted in part and denied in part as follows:

1. The Motion to Dismiss Defendants, City of Greensburg, City of Greensburg Police Department, and Francis Zulisky, sued in his official capacity, is granted and they are dismissed from Counts II and III of the Complaint; and

2. The Motion to Dismiss is denied in all other respects.

The initial case management conference scheduled for July 27, 2006, at 11:45 A.M. is to proceed as scheduled.

BY THE COURT:


/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge